# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **No. 3:05cr176** |
| | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **IVAN HALL** | : | |
| | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is defendant's motion to withdraw his guilty plea (Doc. 424). The court has heard evidence and argument, and the motion is thus ripe for disposition.

**Background**

Defendant in this case faced trial on an indictment that included counts of possession of a firearm in furtherance of a drug offense, in violation of 18 U.S.C. § 924(c); possession with intent to deliver marijuana, in violation of 21 U.S.C. § 841(a)(1), possession of cocaine base (crack) with intent to deliver, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2; and conspiracy to distribute marijuana, cocaine and cocaine base, in violation of 21 U.S.C. § 846. (See Indictment (Doc. 10)). If convicted on all counts, he faced a sentence of life in prison without the possibility of parole. The United States Attorney offered him several plea deals in the months leading up to the trial. The defendant rejected all plea offers until days before his trial was to commence. After defendant's attorney informed him

that his cousin would testify against him on the crack distribution charge, the defendant began to waiver in his conviction to take the case to trial. He attempted to meet with his cousin at the Lackawanna County Prison, but was unable to do so. Defendant nevertheless decided to accept the government's plea offer; apparently he felt his cousin's testimony would lead to conviction on charges and expose him to a sentence of life in prison. On October 20, 2006 he pled guilty to two of the counts in the indictment, possession of marijuana with intent to deliver and possession of a firearm in furtherance of a drug felony. (Doc. 362). The plea agreement was binding, and defendant waived his right to appeal as long as the judge sentenced him to no more than 150 months in prison. (Plea Agreement (Doc. 361) at §§ 13, 27). On October 20, 2006, defendant signed this agreement. United States District Court Judge Edwin M. Kosik accepted the plea the same day. Defendant now claims that he subsequently learned from his cousin that he did not plan to testify against him and that he would not have pled guilty if his lawyer had given him this information. He seeks to withdraw his guilty plea, alleging that it was therefore obtained under false pretenses.

**Discussion**

A court may allow a defendant to withdraw that plea "upon a showing of any fair and just reason." United States v. Wilson, 429 F.3d 455, 459 (3d Cir. 2005). Nonetheless, courts have determined that "once a court accepts a defendant's guilty plea, the defendant is not entitled to withdraw that plea simply at his whim." United

2

States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003).  In evaluating a motion to withdraw a guilty plea, a court examines three factors:  "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawl." Id. at 252.

Defendant offers several reasons for withdrawing his guilty plea.  Defendant claims that the plea colloquy was "misleading and deceptive." (Motion to Withdraw Guilty Plea (Doc. 424) at 3).  This reason, however, is merely a conclusory allegation, however.  Defendant points to no evidence from the record that would lead us to find that the hearing was unfair or failed to adduce the defendant's true intent. The transcript of the plea hearing reveals that defendant understood and accepted the consequences of that agreement willingly.  The defendant participated in the colloquy, heard and affirmed the government's evidence, and nothing in the transcript of that hearing would lead us to conclude that Judge Kosik erred when he established that defendant "voluntarily and intelligently has entered into this plea." (Id.).  Judge Kosik reminded the defendant that "by pleading guilty you're foregoing the possibility that the jury could acquit you of all of these offenses, is that clear?" (Transcript of Plea Hearing (hereinafter "Plea Hearing"), October 20, 2007 (Doc. 437) at 25).  The defendant responded to Judge Kosik's question of whether he wanted to accept the plea with "Yes, sir."  (Id.)

In relation to the first factor for determining whether a defendant should be

3

permitted to withdraw a plea, we note that defendant did not at that time, nor does he now, assert his innocence of the crimes to which he pled.[1]  In any case, he offers no evidence to support a claim of innocence.  See Wilson, 429 F.3d at 458 (holding that a defendant's "bald assertion of innocence is . . . insufficient to permit him to withdraw his guilty plea."); United States v. Brown, 250 F.3d 811, 818 (3d Cir. 2001) (finding that a plaintiff who "failed to meaningfully reassert her innocence or explain her contradictory positions taken before the District Court" could not withdraw her plea.).  The first factor of the test for withdrawing a plea therefore weighs heavily against the defendant.

As the reason for withdrawing his plea, defendant claims that he was coerced into accepting the plea by fear of what his cousin would say while testifying against him and alleges his lawyer lied to him about this potential testimony.  Defendant asserts that his cousin's plea colloquy did not include any information against him, which should signal that he pled based on false pretenses.  We do not find this a strong reason for withdrawing the plea.  The fact that the cousin did not provide this

---

[1] At his plea colloquy, Judge Kosik had the U.S. Attorney to summarize the evidence against the defendant.  After this summary, Judge Kosik asked the defendant "is what he tells us substantially correct as far as your involvement?"  The defendant responded with "[t]o be perfectly honest, most of it is correct." (Plea Hearing at 22).  He went on to complain that the U.S. Attorney had overstated the amount of marijuana discovered in his home, calling it a "large" amount.  Id. at 22-23.  After a discussion between defendant's attorney and the U.S. attorney, the U.S. Attorney agreed that he would "remove the characterization as large." Id. at 23.  Both sides agreed that agents had recovered between 550 and 650 grams of marijuana from the defendant's residence.  Id. at 23-24.  The defendant's attorney agreed to "accept that," and defendant affirmed he had "nothing to add."  Id. at 24.

4

testimony at his plea hearing, and that defendant did not get to speak with his cousin about the testimony before he pled, is not strong evidence that plaintiff's plea was ill-considered or unfair. Indeed, the cousin entered his plea on October 23, 2006, three days after defendant entered his plea. (See Order Granting Motion to Withdraw Plea of Not Guilty (Doc. 376)). There was no reason for defendant's cousin to offer evidence against someone who had already pled guilty. We fail to see how the cousin's role should alter our understanding of defendant's decision to pled. In any case, at a hearing before this court on January 22, 2007, defendant's cousin affirmed that he had agreed to testify against defendant, and that he would have implicated him in trafficking crack cocaine. Defendant made a deal to avoid the charges to which his cousin would have exposed him; defendant apparently feared strong evidence existed. In so doing, he avoided the possibility of a lifetime in prison. Defendant apparently now regrets having made that deal.[2] Such regret is

---

[2]Defendant originally turned down a plea offer of a ten-year sentence, and apparently contends that his plea agreeing to 12 1/2 years was unfair because this offer should have remained available when he pled. An examination of the pre-trial hearing held October 6, 2006, however, indicates that plaintiff did not accept his plea deal in time to take advantage of that offer. The United States Attorney on that date informed the court that he had engaged in plea negotiations with a number of the defendants, and that he had "set a deadline of today at 1 p.m." for defendants to accept those deals. (Transcript of Pretrial Hearing, held October 6, 2006 (Doc. 429) at 3). The U.S. Attorney specifically addressed the defendant, informing the court that he had "offered a 10-year plea agreement to him" that allowed an opportunity to appeal an adverse suppression ruling from the court. (Id. at 4). The agreement remained open "until 1." (Id.). The U.S. Attorney reminded the plaintiff that if he were convicted on the conspiracy count of the indictment against him "he would face, because of his prior record, a mandatory life sentence with no parole." (Id.). Defendant did not accept this deal by 1 p.m. on October 6, but instead waited until October 20 to plead guilty. To the extent that defendant complains that he should have been able to plead to a sentence of 10 years, his complaint is unavailing. Plaintiff cannot withdraw

5

not a valid reason to withdraw a plea.  See United States v. Jones, 979 F.2d 317, 318 (3d Cir. 1992) (reversed on other grounds) (finding that "[a] simple shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to force the government to incur the expense, difficulty and risk of trying a defendant, who has already acknowledged guilt before the court.").  The second factor, therefore, weighs heavily against granting defendant's motion.

As another reason for allowing him to withdraw his plea, defendant apparently asserts that his counsel was ineffective because he misled defendant about the content of his cousin's proposed testimony and, therefore, effectively coerced defendant into accepting the plea agreement.  To withdraw a plea agreement based on ineffective assistance of counsel, a defendant must show "(1) . . . that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms; and (2) . . . that he suffered 'sufficient prejudice' from his counsel's errors."  Jones, 336 F.3d at 253-54.  Here, defendant's cousin has acknowledged that he would have testified against his cousin on crack-cocaine related charges.  Defendant's attorney, armed with this information, made a decision to urge his client to accept a plea agreement that would allow him to avoid a lifetime in prison if convicted on charges related to the cousin's testimony.  Urging a client to take a plea under such circumstances meets prevailing professional norms for criminal defense work.  Even if we were to accept that defendant's counsel

---

his guilty plea because he regrets earlier turning down a better deal.

committed error in relation to his dealings with the cousin, we do not find any prejudice in the outcome of this case. Defendant, after all, pled guilty to crimes he does not deny committing, and he avoided facing trial on more serious charges. He is not prejudiced from being found guilty only of those offenses he admits committing. Ineffective assistance of counsel therefore does not provide us a reason to allow defendant to withdraw his plea. For the foregoing reasons, we will deny defendant's motion.[3]

---

[3] As both of the other factors weigh heavily against the defendant, we will not address the government's contention that prejudice would result for the United States if we allowed defendant to withdraw his plea. The Third Circuit has held that "even assuming that the government has failed to show prejudice, we must affirm the district court's decision because [a defendant] has failed to demonstrate sufficient grounds for withdrawing his plea." United States v. Martinez, 785 F.2d 111, 116 (3d Cir. 1986).

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:05cr176 |
| | : | |
| | : | (Judge Munley) |
| **v.** | : | |
| | : | |
| **IVAN HALL** | : | |
| | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 2nd day of February 2007, the defendant's motion to withdraw his guilty plea (Doc. 424) is hereby **DENIED**.

           **BY THE COURT**

           **s/ James M. Munely**
           **JUDGE JAMES M. MUNLEY**
           **United States District Court**