# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | No. 3:05cr176 |
| | : | No. 3:08cv307 |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| IVAN HALL, | : | |
| **Defendant** | : | |

## MEMORANDUM

Before the court is Defendant Ivan Hall's motion to vacate (Doc. 526) his sentence pursuant to 28 U.S.C. § 2255. Having been fully briefed and an evidentiary hearing held, the matter is ripe for disposition.

**Background**

On May 3, 2005, the a grand jury in the United States District Court for the Middle District of Pennsylvania returned a thirteen-count indictment against a group of individuals that included the defendant in the instant matter. (See Doc. 10). Defendant was named in Count I, conspiracy to distribute and possess with intent to distribute more than 500 grams of cocaine, Count IV, possession of firearms in furtherance of a drug-trafficking felony, Count VII, possession of marijuana with intent to distribute, and Count XII, possession with intent to distribute and distribution of more than five grams of cocaine base (crack).

On October 20, 2006 defendant pled guilty to Couts IV and VII of the indictment. (See Doc. 360). On January 11, 2007, plaintiff filed a motion to

withdraw his guilty plea (Doc. 424), alleging that the plea colloquy was defective and the plea coerced. After a hearing, the court denied this motion on February 2, 2007. (See Doc. 447). Accordingly, on February 15, 2007, the court sentenced defendant to a term of 150 months in prison and four years of supervised release. (See Doc. 464).

On February 19, 2008, defendant filed the instant motion to vacate the sentence pursuant to 28 U.S.C. § 2255. (Doc. 526). As grounds for that motion, plaintiff alleges that his attorney during the plea proceedings was ineffective. Defendant argues that his attorney ignored requests to file appeals at various points in the case. Defendant requested his attorney to file an appeal after this court denied a motion to suppress evidence in the case and after the court refused defendant's request to withdraw his guilty plea. The attorney refused to file such appeals as they would not be ripe until after defendant's conviction or plea was final. Defendant asserts that he next requested that his attorney file an appeal after the court imposed his sentence, but his attorney did not file timely notice for such appeal. Defendant also argues that his attorney was ineffective for failing to raise arguments about the constitutionality of the statute under which he was convicted and the sufficiency of evidence supporting his plea to the charge of gun possession. The government then filed a response to this motion in the form of a motion to dismiss defendant's motion, bringing the case to its present posture. (Doc. 594).

**Legal Standard**

Federal law provides that a federal prisoner who claims "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The purpose of this statute is to allow "a prisoner in custody under sentence of a federal court to move that court to correct an erroneous sentence." United States v. Biberfeld, 957 F.3d 98,102 (3d Cir. 1992). In order to obtain relief under this statute, the Supreme Court has concluded that a plaintiff must demonstrate one of four grounds: "(1) 'that the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that the court was without jurisdiction to impose the sentence;' (3) 'that the sentence was in excess of the maximum authorized by law;' or (4) that the sentence 'is otherwise subject to collateral attack.'" Hill v. United States, 368 U.S. 424, 427 (1962). Here, Hall claims that his sentence was in violation of federal law because his attorney was unconstitutionally deficient.

**Discussion**

The plea agreement defendant signed provides that he shall plead guilty to counts four and seven of the indictment. (Doc. 361 at ¶ 1). Moreover, parties stipulated the defendant should receive a total prison sentence of 150 months and a term of supervised relief of up to four years. (Id. at ¶ 13). This agreement was

3

stipulated as "binding," but the defendant had the right to withdraw from the agreement if the court's sentence did not meet the parties' terms. (Id. at ¶¶ 13, 18). More important for this matter, the defendant also signed an appeal waiver, which provided that:

> The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the conviction and sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal any conviction and sentence on any and all grounds set forth in Title 18, United States Code, Section 3742 or any other grounds, constitutional or non-constitutional, including the manner in which that sentence was determined in light of United States v. Booker, 125 S.Ct. 738 (2005) so long as the defendant receives a sentence of no more than 150 months in prison, a period of supervised release of 4 years, a $200.00 special assessment and a fine in the discretion of the court up to $750,000. The defendant also waives the defendant's right to challenge any conviction or sentence or in the manner in which the sentence was determined in any collateral proceeding, including but not limited to a motion brought under Title 28, United States Code Section 2255. The defendant further acknowledges that this appeal waiver is binding only upon the defendant, and that the United States retains its right to appeal in this case.

(Id. at ¶ 27).

During the plea hearing, the United States Attorney informed the court that:

> Mr. Hall in this plea agreement has indicated his awareness to Title 18, United States Code, Section 3742 affords him the right to appeal a conviction and sentence. Acknowledging that, he has knowingly waived his right to appeal his conviction and sentence on any and all grounds set forth in Title 18, United States Code, Section 3742 or any other grounds, constitutional or non-constitutional [as long as the sentence was the one the parties had agreed to] . . . Mr. Hall has also waived his right to challenge any conviction and sentence, or the matter in which the sentence was determined in any collateral proceeding, including but no limited to a motion under Title 28, United States Code, Section 2255.
> I have advised Mr. Hall, as his attorney has as well, that that would include any challenge to his attorney's alleged ineffectiveness, not that I'm suggesting Mr. Preate was ineffective, but I made clear to Mr. Hall that after today's date if the court accepts his plea agreement he will get the sentence agreed upon, he

4

> will have no remedy, either an appeal or a collateral attack upon his conviction and sentence, and he has expressed his understanding of that.

(Doc. 437 at 9-10).

During the sentencing hearing, this court reminded the defendant that he had a "statutory right" to appeal any conviction and sentence, but that a defendant could "waive those rights as part of a plea agreement, and you have entered into a plea agreement which waives some or all of your rights to appeal the sentence itself." (Doc. 473 at 9). Later, defendant informed the court that he would like to ask a question. (Id. at 10). The court directed the plaintiff to ask the question through his attorney. (Id.). The attorney informed the court that "Judge, you said to him that he waived certain rights of appeal, and I was just whispering to him while you were mentioning that, that he did, in fact, as part of the plea bargain in this case waive his right to appeal." (Id.).

The Third Circuit Court of Appeals has found that "we hold that waivers of appeals, if entered into knowingly and voluntarily, are valid." United States v. Khattak, 273 F.3d 557, 562 (2001). Such waivers "should be strictly construed." Id. Courts enforce such waivers, "provided they are entered into knowingly and voluntarily and their enforcement does not work a miscarriage of justice." United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008). Here, the evidence indicates that defendant entered into the agreement knowingly and voluntarily. During both his plea colloquy and sentencing, the judges informed defendant that he had a right to appeal, and that he had waived that right as a consequence of the agreement he

5

signed. Both judges informed him that he had received consideration in the form of a reduced sentence for agreeing to the waiver. (See Doc. 437 at 13; Doc. 473 at 9-10). At his sentencing, defendant's attorney informed the court that defendant had been apprised that he waived his right to appeal, and had agreed to do so. (Id.). The court therefore finds that the defendant's waiver was valid, since it was both knowing and voluntary. See Khattak, 273 F.3d at 560 (finding a valid waiver where the judge informed defendant that if he imposed the sentence agreed to, the defendant had waived his appeal right).

In this case, defendant agreed to a valid waiver. He does not contend that he did not understand the waiver or its import. Instead, he now seeks to appeal his conviction and sentencing, alleging that his attorney was ineffective during the proceeding that led to his plea. These circumstances are circumstances covered by the terms of the plea agreement, and thus plaintiff's waiver will be enforced against him. Moreover, enforcing the waiver would not result in substantial injustice. Defendant agreed to the plea agreement as a means of reducing his potential sentence significantly. Defendant achieved this reduction. No injustice occurs when the court enforces a contract to which both parties agreed, and from which both parties received benefits. The court will therefore deny the motion.

**Conclusion**

For the above stated reasons, the court will deny the defendant's motion. An appropriate order follows.

6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:05cr176 |
| | : | No. 3:08cv307 |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| IVAN HALL, | : | |
| Defendant | : | |

## ORDER

**AND NOW**, to wit, this 4th day of May 2009, the defendant's motion to vacate his sentence under 28 U.S.C. § 2255 (Doc. 526) is hereby **DENIED**. The United States's motion to dismiss plaintiff's motion (Doc. 594) is hereby **GRANTED**.

BY THE COURT

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**